Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/14/2018 08:09 AM CDT

State of Nebraska, appellee, v.
Steven D. Shaull, appellant.
___ N.W.2d ___

Filed September 14, 2018.    No. S-17-943.

1. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.
2. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, John C. Jorgensen, and Sarah L. Burghaus, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.
## INTRODUCTION
Steven D. Shaull was convicted of theft by deception and sentenced to 2 years' imprisonment and 12 months' postrelease

supervision. He appeals from the conditions set by the district court. We affirm.

## FACTUAL BACKGROUND

On June 29, 2017, Shaull was charged by amended information with theft by deception, a Class IV felony pursuant to Neb. Rev. Stat. § 28-518 (Reissue 2016), in connection with the fraudulent sale of a vehicle engine through an online auction service. Shaull, a resident of Anaheim, California, received $11,500 for the engine from a resident of Lancaster County, Nebraska, but never delivered the engine. An investigation showed that Shaull sold, but failed to deliver, the same engine to individuals in multiple states.

Shaull was extradited to Nebraska and eventually pled no contest to theft by deception. As noted, Shaull was sentenced to 2 years' imprisonment and 1 year of postrelease supervision. That supervision was subject to 20 conditions, which are set forth in the district court's order of postrelease supervision.

At the sentencing hearing, Shaull's counsel, citing to *State v. Phillips*,[1] which was at the time pending with this court, objected to the terms of postrelease supervision. Counsel specifically argued that because Shaull was to be extradited to Kentucky to face charges there, the conditions specific to remaining in Nebraska were not feasible. Counsel also argued that the imposition of various fees was error, because Shaull was indigent. Counsel's objections were noted and overruled.

Shaull appeals.

## ASSIGNMENT OF ERROR

Shaull assigns that the district court abused its discretion in failing to impose terms and conditions of postrelease supervision that (1) could be served by Shaull while he was

---

[1] *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017).

incarcerated in another state and (2) were reasonably related to his rehabilitation.

## STANDARD OF REVIEW

[1,2] Where a sentence imposed within the statutory limits is alleged to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

## ANALYSIS

On appeal, Shaull assigns that the district court erred by imposing terms and conditions for his postrelease supervision that were not related to his rehabilitation and that could not be met, because he would be serving that term of postrelease supervision in the custody of another state's criminal justice system.

Postrelease supervision is a relatively new concept in Nebraska. Both Neb. Rev. Stat. §§ 28-105 and 29-2204.02 (Supp. 2017) authorize the imposition of postrelease supervision as part of a determinate sentence. Section 28-105(5) provides that "[a]ll sentences of post-release supervision shall be served under the jurisdiction of the Office of Probation Administration and shall be subject to conditions imposed pursuant to section 29-2262 and subject to sanctions authorized pursuant to section 29-2266.02."

Neb. Ct. R. § 6-1904(A) (rev. 2016) provides the process to undertake when imposing a sentence of postrelease supervision. According to that rule:

---

[2] *Id.*

[3] *Id.*

In cases requiring a determinate sentence pursuant to Neb. Rev. Stat. § 29-2204.02, the court shall, at the time a sentence is pronounced, impose a term of incarceration and a term of post-release supervision pursuant to Neb. Rev. Stat. § 29-2204.02(1), and shall enter a separate post-release supervision order that includes conditions pursuant to Neb. Rev. Stat. § 29-2262. The court shall specify, on the record, that conditions of the order of post-release supervision may be modified or eliminated pursuant to Neb. Rev. Stat. § 29-2263(3).

Our case law generally provides that a conviction and sentence in a criminal case is a final, appealable order.[4] And we held in *State v. Phillips* that a term of postrelease supervision ordered alongside a determinate sentence is final.[5]

Section 6-1904(A) requires the conditions to be imposed upon the defendant at the time of sentence. Subsections (B) and (C) of § 6-1904 provide that prior to an individualized release date (45 days for inmates incarcerated with the Department of Correctional Services and 30 days if in the county jail), the "court shall receive a post-release supervision plan" and "shall consider modification to the post-release supervision order, upon application and recommendation, based upon the post-release supervision plan from the probation office." In the case of inmates within the Department of Correctional Services, the "plan shall be collaboratively prepared by the Office of Probation Administration and the Department of Correctional Services to provide information regarding performance and programming while incarcerated, an updated risk/needs assessment, along with a community needs and service assessment." And subsection (D) of § 6-1904 provides that "the court shall, if applicable, modify the post-release supervision order" within

---

[4] See, generally, *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

[5] *State v. Phillips, supra* note 1.

30 days (Department of Correctional Services inmates) or 15 days (county jail).

The imposition of conditions at the time of sentencing is done to guide a defendant to needed services during incarceration. And our rule provides that conditions may need to be modified upon a defendant's "performance and programming while incarcerated."[6]

On appeal, Shaull assigns that the district court erred in imposing conditions to his postrelease supervision (1) that he cannot comply with because he will be incarcerated out of state and (2) that do not bear a reasonable relationship to the purposes of postrelease supervision—namely leading a law-abiding life.

We do not address Shaull's second argument, because a review of the record reveals that no objection was made to any of the conditions of employment on the basis that they did not bear a reasonable relationship to the purposes of his supervision. As such, Shaull has waived such objections.

We turn then to Shaull's first argument. Shaull argues that he will be unable to comply with the conditions of his postrelease supervision, because he will be extradited to another state once he finishes serving his term of imprisonment in Nebraska.

While counsel argued that Shaull would be extradited, that action had not taken place at the time of sentencing. Nor was there any evidence presented that such extradition was a certainty. In the event such extradition takes place, we observe that the conditions of postrelease supervision are modifiable upon motion of the defendant or on the court's own motion.[7] Thus, if Shaull were to be extradited, he could seek a modification to those terms with which he feels he would be unable to comply.

---

[6] § 6-1904(B).

[7] Neb. Rev. Stat. § 29-2263(3) (Supp. 2017); § 6-1904.

We review the imposition of a sentence for an abuse of discretion. The sentence and conditions imposed are within the statutory limits.[8] We have reviewed the presentence report and further conclude that the sentence and conditions are not otherwise an abuse of discretion.[9] Shaull's arguments on appeal are without merit.

## CONCLUSION

The sentence of the district court is affirmed.

AFFIRMED.

--------

[8] § 28-105.

[9] See *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018).